IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 23-cv-00102-CNS-SBP

PSI SEMINARS, INC.,

    Plaintiff,

vs.

ROBERT ROHE and CONVERGENCE SEMINARS, INC.,

    Defendants.

**PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information as defined herein, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure that are designated as confidential.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of either Plaintiff or Defendant, including proprietary and trade secret information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the plaintiff's immediate family and designated representatives for the Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. Whenever a written discovery response involves the disclosure of CONFIDENTIAL information, such response shall state that it is being provided subject to the Protective Order or otherwise specifically state that the response includes confidential information.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within <u>ten</u><s>five</s> business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to <u>raise the issue of such designation with the Court pursuant to the Court's discovery-dispute Practice Standards to determine whether good cause exists for the disputed information o be treated as conficential. In the event a motion is ultimately filed on the Court's public docke, information designated as confidential shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. The party making the designation shall be responsible for submitting a Motion to Restrict Access if the designating party seeks to maintain the confidentiality of the information pendidng a ruling from the Court.</u> <s>file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order no later than ten business days after receiving the notice.</s> If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the

4

burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event any party wishes to use in Court proceedings any document containing CONFIDENTIAL information subject to this Protective Order, that party shall file such document under restriction as provided by D.C.COLO.LCivR 7.2(e). It shall then be the responsibility of the designating party to file a motion to restrict access to such information under and in compliance with D.C.COLO.LCivR 7.2. The other party shall not oppose any such motion to restrict access to the CONFIDENTIAL information.

11. The Court orders protection of privileged documents against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) to the maximum extent permitted by Fed. R. Evid. 502. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or electronically-stored information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a declaration confirming the destruction.

13. This Protective Order shall be binding on the parties as a standalone agreement, regardless of when or whether it is entered by the Court.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT:

_____        \_\_\_8/7/23\_\_\_
Magistrate Judge Susan Prose                date